SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00379-SI-01 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **AARON MORTON,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 46 months' imprisonment, to be followed by a three-year term of supervised release.

**A.    Summary of Proceedings.**

On December 4, 2025, the defendant plead guilty to Count 1 of his Indictment which charged him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).  The maximum sentence the Court may impose is a term of 20 years' imprisonment, a fine of $1,000,000, and at least three years of supervised release. There is also a $100 fee assessment.

///

**Government's Sentencing Memorandum**                                                                                       **Page 1**

A Presentence Report (PSR) has been completed. The government believes that the facts underlying the defendant's count of conviction (PSR ¶¶ 19 – 23), his Sentencing Guideline calculations (PSR ¶¶ 28 – 37), and his Criminal History (PSR ¶¶ 40 – 50) are correctly outlined in both the PSR and plea agreement.

In his plea agreement defendant admitted that:

> [O]n or about October 13, 2022, within the District of Oregon, as part of an ongoing narcotics investigation, law enforcement investigators used an informant to order one and a half pounds of methamphetamine from defendant. The defendant agreed to the deal and told the informant he would send "her." After the defendant agreed to the deal and a meeting location was set, investigators observed the co-defendant leave their residence carrying some bags. Investigators followed the co-defendant as she drove to the meeting location and after she arrived, they arrested her and searched her vehicle. Inside the co-defendant's vehicle investigators found and seized approximately 717.4 grams of a mixture and substance containing methamphetamine. Investigators then obtained a search warrant for the residence and inside they found approximately a half-pound of methamphetamine (roughly 226 grams). Law enforcement investigators would testify that the amount of methamphetamine possessed indicated that it was possessed for purposes of further distribution. Methamphetamine is a Schedule II controlled substance. .

Plea Agreement ¶ 6.

**B.     Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

///

The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), includes between 500 grams and 1.5 kilograms of a mixture and substance containing a detectable amount of methamphetamine and results in an initial Base Offense Level of 30. PSR ¶ 30, Plea Agreement ¶ 8.

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. PSR ¶¶ 35 - 36, Plea Agreement ¶ 10.

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant known at the time of the plea offer, defendant's indication at an early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the USAO and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court grant the defendant a two-level downward variance in his overall offense level.

Prior to any additional departures or variances, the defendant's initial Adjusted Offense Level is 25. With a Criminal History Category of III (PSR ¶ 50), defendant's initial advisory sentencing guideline range is 70 to 87 months' imprisonment.

C.  **Government's Recommended Sentence.**

Pursuant to 18 U.S.C. § 3553(a) and the submissions of the parties, we ask the Court to impose a sentence of 46 months' imprisonment, to be followed by a three-year term of supervised release.

Defendant's conviction is based on his dealing of methamphetamine. According to law enforcement:

///

**Government's Sentencing Memorandum**                                              **Page 3**

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region. In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho. Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's. Together, these two substances accounted for 41.3% of overdose fatalities in both states.

Oregon-Idaho High Intensity Drug Trafficking Area (HIDTA) 2026 Threat Assessment, 2025, at 5 (https://oridhidta.org/reports).

Methamphetamine is dangerous, destructive, and deadly. Within the community, inside our courtrooms, and inside our jails we constantly see the reminders of just how corrosive methamphetamine is on society.

While this case was pending the defendant was able to complete both residential drug treatment and outpatient drug treatment. Those skills could serve him well if he takes them to heart. While on pretrial release he also obtained employment. Unfortunately, he also accumulated multiple pretrial violations for relapses and then in July 2025, was arrested on allegations he perpetrated a horrible domestic violence crime in Josephine County, Oregon. PSR ¶ 52. The defendant was charged in that incident with kidnapping, strangulation, unlawful use of a weapon, and assault. *Id.* The state case is still pending and is not part of the resolution of this matter. *Id.*

Here, after a review of all the submissions to the Court, how defendant sought to resolve his federal case following his arrest, and after evaluating the evidence and the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to

provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 46 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a three-year term of supervised release.

There are no charges to be dismissed.

There is an appeal waiver.

Dated: March 12, 2026.                                  Respectfully submitted,

                                                        SCOTT E. BRADFORD
                                                        United States Attorney

                                                        /s/ *Scott Kerin*

                                                        SCOTT M. KERIN, OSB # 965128
                                                        Assistant United States Attorney